Villatoro-Samayoa v. Garland

BIA
Ruehle, IJ
A205 930 285/208 173 481

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty-one.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> DENNY CHIN,
> *Circuit Judges.*

_____

EDELZAR VILLATORO-SAMAYOA,
ADILENY MARISOL CASTANEDA
MARTINEZ, A.K.A. ADELANY MARISOL
CASTANEDA-MARTINEZ
> *Petitioners,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

19-1366
NAC

_____

FOR PETITIONERS:            Stephen K. Tills, Esq., Orchard
                            Park, NY.

**FOR RESPONDENT:**           Joseph H. Hunt, Assistant Attorney General; Clair L. Workman, Senior Litigation Counsel; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Edelzar Villatoro-Samayoa and Adileny Marisol Castaneda Martinez, natives and citizens of Guatemala, seek review of a December 18, 2019, decision of the BIA affirming a November 13, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edelzar Villatoro-Samayoa*, *Adileny Marisol Castaneda Martinez,* No. A 205 930 285/208 173 481 (B.I.A. Dec. 18, 2019), *aff'g* No. A 205 930 285/208 173 481 (Immig. Ct. Buffalo Nov. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA and assume credibility as the BIA did. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The

2

applicable standards of review are well established. *See Yanqin Weng v. Gonzales*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact *de novo*).

Petitioners' claim that the immigration court lacked jurisdiction over their proceedings is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110-12 (2d Cir. 2019). In *Pereira v. Sessions*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires a Notice to Appear ("NTA") to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. 2105, 2113-20 (2018), which cuts off an alien's accrual of physical presence or residence for the purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). The Supreme Court recently clarified that an NTA that does not contain a hearing date and time as required by *Pereira* is not cured for purposes of the stop-time rule by a subsequent notice of hearing that provides the missing information. *See Niz-Chavez v. Garland*, No. 19-863, --- S. Ct. ---, 2021 WL 1676619, at *3, 5-6 (U.S. Apr. 29, 2021) (holding that time does not stop for purposes of cancellation of removal unless the Government issues a single NTA containing all statutorily

3

required information rather than providing the information in separate documents).

Both *Pereira* — as we discussed in *Banegas-Gomez* — and *Niz-Chavez* address a "narrow question" regarding the stop-time rule and do not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Banegas Gomez*, 922 F.3d at 110. We have held that the regulation vesting jurisdiction does not specify what information must be contained in a "charging document," nor does it require an NTA to specify the time and date of the initial hearing, "so long as a notice of hearing specifying this information is later sent to the alien." *Id*. at 111–12 (internal quotation marks omitted). Although the petitioners' NTAs did not include the hearing time and date, they both subsequently received hearing notices specifying that information and attended their hearings.

As to the agency's denial of asylum, withholding of removal, and CAT relief, the petitioners challenge the IJ's adverse credibility determination. However, the BIA expressly assumed credibility, so the adverse credibility determination is no longer a basis for the decision under review. *See Xue Hong Yang*, 426 F.3d at 522. Petitioners

4

have otherwise abandoned their claims because they only briefly address the other grounds for the denial of relief, arguing only generally that the Guatemalan government threatened them because they protested a hydro-electric project. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Were we to reach the merits of the agency's decisions, we would find no error. The record supports the IJ's conclusions that the petitioners failed to establish past harm rising to the level of persecution, a nexus to a protected ground, or well-founded fear of future persecution.

The petitioners alleged verbal threats, that one petitioner was shot at but not injured by an unidentified person, and that the other petitioner was threatened once in person by an individual who grabbed her arm. Although persecution can include "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3

(2d Cir. 2006), the harm must be sufficiently severe, *see Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006), and there must be evidence that the harm was on account of a protected ground, *see* 8 U.S.C. § 1158(b)(1)(B)(i). Absent past persecution, the petitioners could not meet their burden to show an objectively reasonable fear of future persecution or torture because they presented no evidence that anyone in Guatemala remained interested in harming them and the Government presented evidence that the hydro-electric project had been abandoned. *See* 8 C.F.R. § 1208.13(a), (b)(1); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6